On appellant's petition for reconsideration filed January 26, reconsideration allowed; opinion (125 Or App 479, 866 P2d 1230) adhered to February 23, petition for review denied May 31, 1994 (319 Or 150)

STATE OF OREGON,
*Respondent,*

*v.*

RANDY CHARLES BOCKORNY,
*Appellant.*

(C90-08-34879, C89-10-35768;
CA A69266 (Control), A69267)
(Cases Consolidated)

869 P2d 349

Robert P. Jones, Judge.

Michael E. Swaim for petition.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

■ Defendant has petitioned for review of our decision. 125 Or App 479, 866 P2d 1230 (1993). We treat the petition as one for reconsideration, ORAP 1.10; *former* ORAP 9.15, and allow it to address defendant's assertion that our opinion does not adequately develop certain facts.

Defendant argued that the trial court erred in allowing the state to call one of his expert witnesses, Dr. Grimsbo, to testify on behalf of the state. Defendant contends that our opinion does not show that Grimsbo

"was compelled by the trial court to speak to the prosecution and would not have cooperated with the prosecution if not so compelled. Over defense counsel's vigorous objection, the court ordered defense counsel not to instruct the defense expert from talking to the prosecution. Dr. Grimsbo felt that he was under court compulsion to speak with the prosecution * * *."

Any compulsion Grimsbo felt cannot be attributed to the trial court, which ruled:

"I'm going to make this ruling. I'm willing to discuss this further with you, but consider this your marching orders, at least for now. I'm going to ask that [defense counsel] not instruct the witness, that man Grimsbo or Dr. Brady, not to talk to the District Attorneys. I have no authority, as I view it, to require them to talk to the District Attorneys so they'll have to make their own decision. But I would feel that both the work product and the attorney/client privilege should be maintained to this extent, and that is, [defense counsel], you are permitted to tell those witnesses that they need not disclose to the District Attorney or their representatives any communication that you've made to them, any discussion that you've had with them[.]

"So I think, essentially, I'm saying the District Attorneys have the right to contact these witnesses, have the right to ask them any questions they wish, and *they have the right to answer or not to answer*, but they are to do it on their own determination and not on the instruction of defense counsel except that I can give them, pass on to them the right to, or the directive they have not to breach the work product attorney/client relationship." (Emphasis supplied.)

■ The court did not compel Grimsbo to discuss the case with the prosecution. What defendant does not point out in

his petition for review is Grimsbo's role in setting up the testimony:

> "Before Grimsbo testified, the prosecutor had contacted him to discuss the question of the blood on the scissors. During their discussion, the prosecutor also asked Grimsbo some questions regarding the staining method used to detect the presence of sperm in [the victim's] mouth. Grimsbo later contacted the prosecutor to see if he could examine the slides, and the prosecutor complied." 125 Or App at 484.

The facts do not show that the court compelled Grimsbo to reveal anything, but it was what Grimsbo revealed to the prosecution that made it aware that he had opinions on matters that would be helpful to the prosecution's case. As we held in our opinion, the facts also do not show that his testimony was privileged under the attorney-client privilege or was work product.

Reconsideration allowed; opinion adhered to.