Argued and submitted May 27, reversed and remanded for new trial
November 23, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# MARVIN GUS LUNOW,
*Appellant.*

## (D92-07636M; CA A78699)

885 P2d 731

James N. Varner, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janie M. Burcart, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

Leeson, J., concurring.

## De MUNIZ, J.

Defendant appeals his convictions for assault in the fourth degree, ORS 163.160, and harassment, ORS 166.065, after a jury trial in which he relied on the defense of self-defense, ORS 161.209.[1] We reverse.

The victim, Donna Miller, and defendant testified to differing facts. Miller, who was residing with defendant in October, 1992, testified that, on the morning of the 18th, defendant drank as much as a six-pack of beer. Around 5 p.m., after Miller told him that she would not prepare dinner, defendant came into the bedroom where Miller had gone and tried to pull her off the bed by grabbing her hair. When he did, the back of her head hit the floor, and her hand hit the bed frame. Defendant then hit Miller three or four times in the back and threw a plastic ash tray at her, hitting her in the chest. Miller testified that she suffered red marks, a scrape on her elbow and head pain for two days. She testified that some of her hair came out where defendant had pulled it. The investigating officer observed redness on Miller's arm and ring finger, as well as cigarette butts and ashes on the floor.

Defendant's testimony was that Miller became angry and began screaming at him, and, when he started to leave the bedroom, she chased him and hit him on his head with the cast she had on one of her arms. He testified that he then grabbed her by the hands to keep her from hitting him again. Two defense witnesses gave opinions that Miller had a reputation for aggressiveness and violence.

We first address defendant's assignment that the trial court erred in refusing to give the following instruction:

"The defendant has introduced evidence of the character of Donna Miller. In determining whether the defendant reasonably believed himself to be in danger of great personal harm, you may consider whether Donna Miller had a violent and aggressive character."

---

[1] ORS 161.209 provides, in part:

"[A] person is justified in using physical force upon another person for self-defense * * * from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

In *State v. Bishop*, 49 Or App 1023, 1032, 621 P2d 1196 (1980), *rev den* 290 Or 727 (1981), we held that it was error for the trial court to refuse to give the identical instruction.

The state argues that we have not subsequently cited or relied on the *Bishop* ruling and, one year after the case was decided, the legislature enacted the new Evidence Code. The state contends that OEC 405(1) changed the admissibility of character evidence from only reputation evidence to both reputation and opinion evidence. However, the state does not explain, and we do not perceive, how that change affects the *Bishop* holding.

The foundation of *Bishop* lies in *State v. Morey*, 25 Or 241, 254-55, 35 P 655, 36 P 573 (1894). In *Morey*, the Supreme Court approved giving an instruction directing the jury to consider that the victim was "turbulent, violent and desperate."[2] The state argues, however, that the instruction here would have impermissibly drawn the jury's attention to evidence in violation of ORCP 59E,[3] which forbids trial judges from commenting on any of the evidence in giving instructions. It contends that the *Bishop* holding is of doubtful precedential value in the light of recent appellate decisions emphasizing that prohibition. *See, e.g., State v. Tucker*, 315 Or 321, 845 P2d 904 (1993); *State v. Brown*, 310 Or 347, 800 P2d 259 (1990).

We do not agree that the instruction violates that prohibition. ORCP 59E was intended to codify the existing rule. Council on Court Procedures, Staff Comment, *quoted in* Merrill, *Oregon Rules of Civil Procedure: 1990 Handbook* 182. Since at least 1888, the rule has been that

---

[2] The instruction was:

" 'When a homicide is committed under circumstances that it was doubtful whether the act was committed maliciously or from well-grounded apprehension of danger, it is proper that the jury should consider the fact that the deceased was turbulent, violent, and desperate in determining whether the accused had reasonable cause to apprehend great personal injury to himself, but the circumstances of the case must at least raise a doubt in regard to the question whether the prisoner acted in self-defense.' " *State v. Morey, supra*, 25 Or at 252.

[3] ORCP 59E provides:

"The judge shall not instruct with respect to matter of fact, nor comment thereon."

OEC 59E is made applicable to criminal trials by ORS 136.330.

"it is error for the trial court to select a single part of the evidence and instruct the jury as to its probative value: *Dunn v. First National Bank*, 149 Or. 97 (39 P. (2d) 944); *Service v. Sumpter Valley Ry. Co.*, 88 Or. 554 (171 P. 202); *State v. Ausplund*, 86 Or. 121 (167 P. 1019); *Saratoga Inv. Co. v. Kern*, 76 Or. 243 (148 P. 1125); *Kellogg v. Ford*, 70 Or. 213 (139 P. 751); *State v. Huffman*, 16 Or. 15 (16 P. 640)." *Hanson v. Schrick*, 160 Or 397, 403, 85 P2d 355 (1939).

Thus, the prohibition against commenting on the evidence was part of Oregon common law before the Supreme Court approved the instruction in 1894 in *State v. Morey, supra*. However, despite that prohibition, the Court did not find that the instruction, which told the jury that it could consider the victim's character in the defendant's claim of self-defense, was error.

■ An instruction that directs the jury to the issue on which evidence is relevant is not a comment on the evidence. For example, Uniform Criminal Jury Instruction No. 1016 directs the jury that

"[i]f you find that a witness has been convicted of a crime, you may consider this conviction only for its bearing, if any, on the believability of the witness's testimony."

Here, Miller's violent reputation was only relevant on the issue of whether defendant was reasonable in believing that he was in danger of imminent harm. The jury was not free to consider that, because Miller was violent, she "got what she deserved." *See State v. Bockorny*, 125 Or App 479, 488, 866 P2d 1230 (1993), *on recon* 126 Or App 504, 869 P2d 349, *rev den* 319 Or 150 (1994). The effect of the requested instruction is to limit the jury's consideration of the evidence to the relevant issue. We conclude that the validity of the instruction from *State v. Morey, supra*, and *State v. Bishop, supra*, has survived the passage of time.

We also conclude that the failure to give the instruction here requires reversal. Defendant was entitled to have his theory of the case presented to the jury, if the instruction correctly stated the law. *See State v. McBride*, 287 Or 315, 599 P2d 449 (1979). Although the trial court gave the Uniform Jury Instruction on Self-Defense, No. 1107, that instruction did not explain what relevance the evidence of Miller's character had to defendant's claim of self-defense. Defendant's requested instruction did.

■　　　Because the issue may arise on retrial, we address defendant's assignment that the trial court erred in refusing to allow testimony of specific prior acts of Miller's misconduct. Defendant would have testified that, a few days before the incident leading to the charges, Miller had hit him three times with her cast, knocking him to the floor. Defendant also sought to have his two witnesses testify as to specific instances of Miller's violence.

■■　　　OEC 404 provides, in part:

"(1)　Evidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense.

"(2)　Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion, except:

"* * * * *

"(b)　Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same or evidence of a character trait of peacefulness of the victim offered by the prosecution to rebut evidence that the victim was the first aggressor[.]

"* * * * *

"(3)　Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

OEC 405[4] provides the methods that may be used to prove character. Under OEC 405(2), proof of specific instances is

---

[4] OEC 405 provides:

"(1)　In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

"(2)(a)　In cases in which character or a trait of character of a person is admissible under ORS 40.170(1), proof may also be made of specific instances of the conduct of the person.

"(b)　When evidence is admissible under ORS 40.170(3), proof may be made of specific instances of the conduct of the person."

allowed when character is admissible under either OEC 404(1) or (3). Under OEC 405(1), proof of character may be by opinion and reputation testimony if the evidence is admissible under OEC 404(2). The trial court determined that the evidence came under OEC 404(2)(b) and limited the evidence to testimony as to Miller's reputation for violence.

The state acknowledges that Miller's violent character was a relevant consideration for the jury. *See, e.g., State v. Bishop, supra;*[5] *State v. Thompson,* 49 Or 46, 49, 88 P 583 (1907); *State v. Griffin,* 19 Or App 822, 833, 529 P2d 399 (1974). However, the state argues that legislative commentary makes it clear that the type of evidence defendant wished to present is governed by OEC 404(2)(b). The commentary to that section notes that evidence of a pertinent trait of character of a victim is admissible "to support, for example, a claim of self-defense when charged with homicide or assault." Kirkpatrick, *Oregon Evidence* 136 (2d ed 1989).

Defendant argues that he was not seeking to admit evidence of the earlier incident for the purpose of showing that Miller was acting in conformity with her aggressive nature. Rather, he argues that he wanted to prove the reasonableness of his belief that Miller's conduct was an attack that required him to use force. He contends, therefore, that his testimony was admissible under OEC 404(1) as evidence of an essential element of his defense. He argues that, under OEC 405(2), he should have been able to testify to the incident in which Miller knocked him to the floor.

The plain language of OEC 404(1) permits evidence of a person's character when it is an essential element of a

---

[5] In *Bishop,* we cited *State v. Morey, supra,* where the Supreme Court explained:

"The theory upon which evidence of [violence] is admissible in cases of homicide, is that when the plea of self-defense is interposed, a danger which is apparently imminent is to be considered and treated as if it were actual, real, and imminent, and such apparent danger must necessarily appear more menacing when regarded with reference to the assailant's character for violence and brutality as well as his special animus to the accused. When, therefore, the evidence tends to show that the defendant acted under an honest apprehension of danger from some overt act of the deceased, he may put in evidence the ferocity, brutality, or vindictiveness of his assailant as tending to show that he had reasonable ground for such belief, and when the acts or intentions of the deceased in reference to the fatal encounter are equivocal or doubtful, such evidence becomes very important and material." 25 Or at 254-55.

defense. "Reasonable belief" is an element of the defense of self-defense. *See* n 1, *supra.* To the degree that defendant's belief that he needed to defend himself depended on Miller's character, that character was placed "in issue." *See State v. Montez,* 309 Or 564, 611, 789 P2d 1352 (1990). The incident when Miller hit defendant three times with her cast, knocking him to the floor, was probative of the conduct against which defendant would have reasonably believed it necessary to protect himself. It was error to exclude defendant's testimony of the specific incident.[6]

Reversed and remanded for new trial.

**LEESON, J.,** concurring.

I agree with the majority that the trial court erred in declining to give defendant's requested jury instruction on Miller's character and that, therefore, the case must be reversed. I disagree with the majority's conclusion that the trial court on remand must allow testimony of specific prior acts of Miller's misconduct.

Defendant sought to have witnesses testify about specific instances of Miller's violence, and he sought to testify on his own behalf that a few days earlier Miller had hit him with the cast on her arm and knocked him to the floor. The purpose of that testimony was to bolster defendant's theory of self defense by establishing his "reasonable belief" that he needed to defend himself against Miller. According to the majority, defendant's belief that he needed to defend himself placed Miller's character "in issue."

OEC 404(1) provides that, "[e]vidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense." The legislative commentary to OEC 404(1) explains that, "[i]f a person's possession of a character trait determines the legal rights and liabilities of the parties, and if that trait has been put in issue by the pleadings, then the fact of character must be open to proof." Legislative Commentary to OEC 404(1), reprinted in Kirkpatrick, *Oregon Evidence* 135 (2d ed 1989). Both the rule

---

[6] On this record, we cannot determine if the trial court erred in limiting defendant's other witnesses to reputation and opinion testimony. Defendant made no offer of proof as to the content of the specific incidents that the witnesses would relate. *See State v. Griffin, supra,* 19 Or App at 833.

and the commentary make clear that evidence of character is admissible only when character is the ultimate issue to be decided by the jury. In this case, the issue to be decided by the jury is whether defendant was acting in self defense when he assaulted Miller. "[A] person is justified in using physical force upon another * * * from what the person *reasonably believes* to be the use or imminent use of unlawful physical force[.]" (Emphasis supplied.) ORS 161.209. It is not Miller's character that will determine "the rights and liabilities of the parties," but whether defendant had a "reasonable belief," when he struck Miller, that he was acting in self defense. Defendant's theory of self defense did not put Miller's character "in issue," and, therefore, evidence of her character should not be admitted under OEC 404(1).

The remainder of OEC 404 lays out the so-called propensity rule. That rule prohibits the use of character evidence to prove conforming conduct.[1] The analytical difficulty in this case arises because OEC 404 is an exclusionary rule, rather than a rule of admissibility. Here, the inferential connection is between the character of the victim and the reasonable belief of the defendant. Therefore, if relevant, evidence of the victim's character may be admissible in any form, because it does not fall within the forbidden inference of OEC 404. *See generally* Weissenberger, *Federal Rules of Evidence* 85 n 28, § 404.9 (1987); 1A Wigmore, *Evidence* 1149, § 54 (4th ed 1983); Weissenberger, "Character Evidence and the Federal Rules: A Puzzle with Missing Pieces," 48 U Cin L Rev 1 (1979).

Although I conclude, like the majority, that evidence of specific instances of Miller's conduct is not precluded by the propensity rule in OEC 404, I do not conclude that it would be

---

[1] OEC 404(2) states the general propensity rule:

"Evidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion * * *"

OEC 404(3) restates that rule:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith."

Two exceptions to the propensity rule, which are not relevant to this discussion, allow character evidence but limit it to reputation and opinion evidence. OEC 404(2); OEC 405.

error for the trial court to exclude it. The trial judge has discretion whether to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." OEC 403. Therefore, I would leave to the trial judge the decision on whether to admit into evidence specific instances of Miller's conduct.

Even if OEC 404(3) were construed to allow admissibility of specific instances of Miller's conduct for the purposes of this case, as proof of her character from which defendant's reasonable belief may be inferred, my conclusion regarding the trial judge's discretion would remain unchanged. OEC 404(3) prohibits evidence of "other crimes, wrongs, or acts" for the forbidden inference of conforming conduct under the propensity rule, but allows that such evidence "*may*, however, be admissible for other purposes" and provides an illustrative list. The legislative commentary makes clear that the trial court is not required to admit the evidence and may exclude it under OEC 403. Legislative Commentary to OEC 404(3), reprinted in Kirkpatrick, *supra*, at 138. I, therefore, disagree with the majority's conclusion that it was error to exclude defendant's testimony of the specific incident.