Submitted June 24, conviction on Counts 1, 2, and 4 reversed and remanded; remanded for resentencing; otherwise affirmed September 17, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

VERNICE ERICA SCOTT,
aka Vernice Erica Switzler,
*Defendant-Appellant.*

Jefferson County Circuit Court
12FE0120; A152652

335 P3d 1283

Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Preusch, Assistant Attorney General, filed the brief for respondent.

Before Hadlock, Presiding Judge, and Tookey, Judge, and De Muniz, Senior Judge.

TOOKEY, J.

## TOOKEY, J.

Defendant appeals a judgment of conviction arising out of a bench trial, during which defendant was convicted of assault in the second degree (Count 2), ORS 163.175, and found guilty of assault in the fourth degree (a lesser-included charge of Count 1, assault in the second degree, ORS 163.175) and unlawful use of a weapon (Count 4), ORS 166.220.[1] Defendant, who raised the defense of self-defense at trial, raises five assignments of error on appeal. We reject without discussion defendant's third and fourth assignments of error, in which she argues, respectively, that the trial court erred by denying defendant's motion for judgment of acquittal on Counts 2 and 4. We write only to address defendant's second assignment of error, in which she argues, under OEC 404(1),[2] that the trial court erred by excluding evidence that the complainant had assaulted defendant 10 years previously. We review for errors of law, conclude that the trial court erred in excluding that evidence, and further conclude that that error was not harmless. *See State v. Beisser*, 258 Or App 326, 334, 308 P3d 1121 (2013) ("Whether evidence is admissible under OEC 404(1) is a question of law, which we review for errors of law."). Accordingly, we reverse and remand defendant's conviction on Counts 1, 2, and 4, remand for resentencing, and otherwise affirm.[3]

The record discloses the following facts. Defendant and the complainant met in 1999, were married for a period of time, and had lived together for approximately 10 years. On the night in question, they were both intoxicated and were arguing at home. They had had problems before. The complainant was scared and left the home. He returned after "maybe a half hour, or not even that."

When the complainant returned, defendant tried to lock him out of the home, and he forced his way back in; he

---

[1] The trial court merged Counts 1 and 4 with Count 2. It also acquitted defendant of unlawful use of a weapon (Count 3), ORS 166.220.

[2] OEC 404(1) provides, in part, "Evidence of a person's character or trait of character is admissible when it is an essential element of a charge, claim or defense."

[3] Our analysis and disposition obviate the need to address the remaining assignments of error.

stuck his hand in the door and forced it open. He pushed defendant, she "came at" him, and he pushed her again. The complainant then sat on a chair that he regularly used in the combined kitchen/living room.

Defendant "threw to the side or tossed off the counter or the stove" a pot of beans. She then began "throwing objects and striking the [complainant]"; the objects included a frying pan and a glass ashtray. The complainant sustained injuries to his forehead, head, and neck. He "ended up in the bedroom, curled up on the floor with his hands up over his head[.]"

Defendant was charged by indictment with two counts of second-degree assault for causing injury to the complainant by means of a dangerous weapon: the frying pan (Count 1) and the ashtray (Count 2). She was also charged with two counts of unlawful use of a dangerous weapon: the frying pan (Count 3) and the ashtray (Count 4). Defendant raised the defense of self-defense.

At trial, to support her defense of self-defense, defendant sought to elicit testimony from the complainant that he had previously assaulted defendant. The trial court excluded that evidence:

"BY [DEFENSE COUNSEL]:

"Q. Have you assaulted [defendant] in the past?

"A. Yeah.

"Q. Could you tell me about those times?

"A. No.

"[PROSECUTOR]: Objection. Relevance.

"THE COURT: It's sustained with your most recent question, so get there another way, [defense counsel].

"* * * * *

"BY [DEFENSE COUNSEL]:

"Q. Do you remember a time, probably eight or nine years ago, when you shoved [defendant]—

"A. Yeah. That was at her brother's house.

"[PROSECUTOR]: Objection. Relevance. Prior bad acts, et cetera.

"[DEFENSE COUNSEL]: Your Honor, we're raising a self-defense claim. If he's assaulted her in the past, and he's readily admitted to it . . .

"THE COURT: The question, [defense counsel], you're talking about something that happened eight or nine years ago.

"THE WITNESS: Yeah. That was ten years ago.

"THE COURT: * * *

"I mean, you're asking about something that's not—that is distant in time and perhaps a prior bad act with relation to this person. So if you want to talk about the incident itself and what occurred, and whether there's any self-defense related to the current incident, that's one thing. But the—

"[DEFENSE COUNSEL]: Okay.

"THE COURT: —relevance for something ten years ago is sustained."

Defendant was convicted as noted above, and defendant now appeals.

On appeal, defendant contends that testimony that the complainant had assaulted defendant 10 years previously was admissible under OEC 404(1) as evidence of the complainant's character or trait of character. The state responds that "evidence of one fight, ten years earlier, did not demonstrate the victim's character for violence and thus was not relevant." The state also contends that, even if the trial court erred in excluding that evidence, that error was harmless because "defendant's defense was meritless"—that is, "[e]ven if the court would have admitted the disputed testimony, defendant could not have thrown the ashtray in self-defense" because defendant attacked the complainant after any potential threat had passed, while the complainant was sitting in his chair.

A defendant who has been "charged with a crime for using physical force against another person may raise the defense of self-defense." *Beisser*, 258 Or App at 334. A

person's right to self-defense is governed by ORS 161.209, which provides, in part:

"[A] person is justified in using physical force upon another person for self-defense * * * from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

ORS 161.209 "establishes that, in general, a person's right to use force in self-defense depends on the person's *own* reasonable belief in the necessity for such action, and not on whether the force used or about to be used on [her] actually was unlawful." *State v. Oliphant*, 347 Or 175, 191, 218 P3d 1281 (2009) (emphasis in original). When a defendant raises the defense of self-defense, "evidence of the alleged victim's prior violent acts toward the defendant is admissible under OEC 404(1)." *Beisser*, 258 Or App at 334 (citing *State v. Lunow*, 131 Or App 429, 885 P2d 731 (1994)).

In *Lunow*, the defendant was charged with assault and harassment, and he raised the defense of self-defense. To support that defense, the defendant sought to testify that, a few days before the incident that gave rise to the charges against him, the complainant had hit him three times with her cast, knocking him to the floor. We reversed the trial court's exclusion of that evidence, stating:

"The plain language of OEC 404(1) permits evidence of a person's character when it is an essential element of a defense. 'Reasonable belief' is an element of the defense of self-defense. To the degree that defendant's belief that he needed to defend himself depended on [the victim's] character, that character was placed 'in issue.' The incident when [the victim] hit defendant three times with her cast, knocking him to the floor, was probative of the conduct against which defendant would have reasonably believed it necessary to protect himself. It was error to exclude defendant's testimony of the specific incident."

*Lunow*, 131 Or App at 435-36 (internal citations omitted).

Applying *Lunow* to the facts of this case, we conclude that evidence of the complainant's prior assault on defendant was admissible under OEC 404(1) because it

was relevant to an essential element of the defense of self-defense. Specifically, that evidence was relevant to whether defendant reasonably believed, as she claimed, that she needed to defend herself from the complainant's aggressive actions—sticking his hand in the door, forcing the door open, and repeatedly pushing defendant. To the degree that her belief depended on the complainant's character, his character was placed in issue, and evidence of his previous assault on defendant was probative of that character. Thus, the trial court erred by excluding it.

We are unpersuaded by the state's argument that testimony concerning the complainant's 10-year-old assault on defendant is inadmissible because it was not relevant to defendant's defense of self-defense. To support that argument, the state cites *State v. Lotches*, 331 Or 455, 17 P3d 1045 (2000), *cert den*, 534 US 833 (2001), in which the defendant argued that the trial court erred in excluding certain evidence that the defendant claimed was relevant to his defense of self-defense. In *Lotches*, the victim was a security officer and former police officer, and the defendant claimed that the victim had initiated a gunfight with the defendant that resulted in the victim's death. In an offer of proof by the defendant, the victim's previous supervisor testified about two instances, five years earlier, in which the victim "had been called to a situation that had called for an arrest, but either had failed to request backup or to make an arrest[,]" and he "also testified that he had no reason to believe that [the victim] was a violent or aggressive person." *Id*. at 488. The defendant argued that that testimony about the two instances was relevant to his defense of self-defense because it tended to show that the victim "was reckless and dangerous, and acted outside of established rules and procedures for police work." *Id*. In rejecting that argument, the Oregon Supreme Court agreed with the trial court's conclusion that that testimony "did not establish a character trait for acting in a reckless, erratic, or dangerous manner and, therefore, was not relevant." *Id*. at 489.

Unlike the evidence in *Lotches*, which the defendant claimed "tended to show that [the victim] was reckless and dangerous, and acted outside of established rules and procedures for police work[,]" *id*. at 488, the evidence in this case

speaks to defendant's knowledge of the claimant's danger-ousness because it relates to a specific act of violence and aggression—the complainant's previous assault on defen-dant. The evidence also speaks directly to the nature of the relationship between defendant and the complainant. As defendant argues, defendant and the complainant had been in a long-term relationship, and they brought a mutual his-tory to the charged incident that colored their perceptions of that incident. Because "a person's right to use force in self-defense depends on the person's *own* reasonable belief in the necessity for such action, and not on whether the force used or about to be used on [her] actually was unlawful[,]" evidence that the complainant had assaulted defendant before was relevant to the reasonableness of *defendant's own belief* that the complainant was going to assault her again. *Oliphant*, 347 Or at 191 (emphasis in original). Contrary to the state's assertion, the fact that that assault occurred 10 years previously did not make that evidence not relevant in this case.

Because we conclude that the trial court erred by excluding defendant's proffered evidence, we must now determine whether that error was harmless. Evidentiary error is harmless if "there was little likelihood that the error affected the * * * verdict." *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). When determining the likelihood that a trial court's error in excluding evidence affected the verdict, we review the record and consider the "content and character of [the] evidence, as well as the context in which it was offered." *State v. Klein*, 352 Or 302, 314, 283 P3d 350 (2012). If erroneously excluded evidence involves "a central factual issue in the case, it is more likely to have affected the jury's determination than if it deals with a tangential issue." *Beisser*, 258 Or App at 337 (internal quotation marks omitted).

After reviewing the record and considering the con-tent and character of the evidence, as well as the context in which it was offered, we cannot say that the trial court's error in excluding the evidence was harmless. As we have explained, the trial court erred by excluding testimony of the complainant that he had assaulted defendant 10 years previously. Defendant attempted to elicit that testimony

to support her defense of self-defense—that she was afraid of the complainant and believed that she was justified in using physical force against him for self-defense from what she reasonably believed to be the use or imminent use of unlawful physical force against her. Thus, the erroneously excluded evidence went to a central factual issue in the case: the reasonableness of defendant's own belief that she needed to defend herself from the complainant. Further, the error occurred in the context of a criminal trial in which the state bore the burden to prove defendant's guilt beyond a reasonable doubt and defendant bore no burden of proof. *See Oliphant*, 347 Or at 190-91 (once a defendant raises self-defense, "the state has the burden of disproving it beyond a reasonable doubt"). Thus, we cannot say that "there was little likelihood that the error affected the * * * verdict." *Davis*, 336 Or at 32.

In so concluding, we reject the state's argument that the trial court's error was harmless because "defendant's defense was meritless"—that is, "[e]ven if the court would have admitted the disputed testimony, defendant could not have thrown the ashtray in self-defense." To the extent that the state contends that defendant's defense was meritless because there was *not enough* evidence to support it, we decline to consider that argument. When conducting a harmlessness analysis, we focus on "the possible influence of the error on the verdict rendered, not whether this court, sitting as a factfinder, would regard the evidence of guilt as substantial and compelling." *Davis*, 336 Or at 32. In other words, "we do not determine, as a factfinder, whether the defendant is guilty. That inquiry would invite this court to engage improperly in weighing the evidence and, essentially, retrying the case, while disregarding the error committed at trial, to determine whether the defendant is guilty." *Id.*

To the extent that the state contends that defendant's defense was meritless because there was *not any* evidence to support it, that contention fails. The record contains evidence to support defendant's defense of self-defense: the complainant testified that he and defendant had had problems in the past; that they were fighting; that he was intoxicated; that he shoved his hand in the door and forced

the door open while defendant was trying to keep him out of the home; and that he repeatedly pushed defendant.

Accordingly, a factfinder could conclude that defendant attempted to lock the complainant out of the home because she was afraid of him, and that, when he forced his way into the home and pushed defendant, she reasonably believed that physical force was necessary to defend herself. The additional fact that the complainant was seated in his chair when defendant began throwing objects and striking the complainant does not compel the conclusion that defendant "could not have" acted in self-defense, and we reject the state's argument to the contrary.

Conviction on Counts 1, 2, and 4 reversed and remanded; remanded for resentencing; otherwise affirmed.