Submitted December 4, 2015, reversed and remanded January 27, 2016

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRIAN WILLIAM McCONNELL,
*Defendant-Appellant.*

Deschutes County Circuit Court
13FE0270; A157098

366 P3d 800

Ernest G. Lannet, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Carson L. Whitehead, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged by indictment with one count of first-degree assault, ORS 163.185. After a jury trial in which he relied on the defense of self-defense, defendant was convicted of the lesser-included offense of second-degree assault, ORS 163.175. He appeals that conviction, contending, among other assignments of error, that the trial court erred in refusing to give his requested special jury instruction, which provided:

> "The defendant * * * has introduced evidence of the character of [the alleged victim]. In determining whether the defendant reasonably believed himself to be in danger of great personal harm, you may consider whether [the alleged victim] had a violent and aggressive character."

The state concedes that, under *State v. Lunow*, 131 Or App 429, 885 P2d 731 (1994), the trial court erred in denying the requested instruction and that the error requires reversal. We agree and accept the state's concession.

In *Lunow*, we held that the trial court erred in refusing to give a substantively identical instruction where the defendant had relied on a theory of self-defense at trial and the record contained evidence of the alleged victim's reputation for violence. 131 Or App at 431-33. We reasoned that the alleged victim's violent character was relevant to the issue of whether the defendant was reasonable in believing that he was in danger of imminent harm, and the effect of the requested instruction was to limit the jury's consideration of the evidence to that issue. *Id.* at 433. The circumstances here are indistinguishable. Accordingly, we conclude that the trial court erred in refusing to give defendant's requested instruction, and we reverse and remand for a new trial.[1] *See State v. Beck*, 269 Or App 304, 309, 344 P3d 140, *rev den*, 357 Or 164 (2015) ("A party is entitled to have the jury instructed on the law which supports his theory of

---

[1] That disposition obviates the need to address defendant's other assignments of error, namely, that the court erred by (1) excluding evidence of a prior incident of violent conduct by the alleged victim and (2) instructing the jury that, "[w]hen used in the phrase 'knowingly cause physical injury,' knowingly or with knowledge means that the person acts with an awareness that his conduct is assaultive in nature."

the case where there is evidence to support that theory and the party submits an instruction that correctly states the law." (Internal quotation marks omitted.)).

Reversed and remanded.