Argued and submitted October 12, 2018, affirmed April 1, petition for review denied August 27, 2020 (366 Or 827)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL AARON STRICKLAND,
aka Michael Strickland,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR41718; A165019

463 P3d 537

Defendant appeals a judgment of conviction for unlawful use of a weapon, menacing, and disorderly conduct, arising out of an incident in which he brandished a handgun at a crowd when he felt threatened. He contends that the trial court erred in excluding evidence of a past experience defendant had that he asserts would have supported a claim of self-defense. *Held*: The evidence of defendant's past experience was not relevant to the defense of self-defense. The legal standard for assessing the reasonableness of a person's belief about the need for force or the extent of force necessary turns on an objective evaluation of the circumstances and not the personal perceptions of the individual defendant. A defendant's subjective honest belief that a perceived threat is imminent is not enough to justify the use of self-defense. Although defendant's past experience might have caused him to fear for his safety, it did not make more or less probable the existence of any fact that is of consequence to the determination of the claim of self-defense—*viz.*, whether a reasonable person in defendant's circumstance at the time that he brandished the weapon would have believed that he was at risk of imminent use of unlawful physical force and whether brandishing the weapon was the degree of force reasonably necessary for defendant's self-defense. The trial court therefore did not err in excluding the evidence as irrelevant.

Affirmed.

Thomas M. Ryan, Judge.

Robert E. Barnes, California, argued the cause for appellant. Also on the briefs were Barnes Law, California, and Mark J. Geiger.

Susan G. Howe, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

ARMSTRONG, P. J.

Affirmed.

**ARMSTRONG, P. J.**

Defendant appeals a judgment of conviction, after a bench trial, for 10 counts each of menacing and unlawful use of a weapon, and one count of disorderly conduct. The charges arose out of an incident at a demonstration in downtown Portland at which defendant brandished a handgun at a crowd when he felt threatened. Defendant raises six assignments of error. We write to address only defendant's contention that the trial court erred in granting the state's motion *in limine* to exclude as irrelevant evidence of a prior incident, in which defendant was injured by a person whom he had surreptitiously filmed. Defendant contends that the evidence was relevant to show his state of mind in support of his contention that he brandished the handgun in self-defense. We review the trial court's ruling excluding the disputed evidence for legal error, *State v. Titus*, 328 Or 475, 481, 982 P2d 1133 (1999) ("[W]e must review determinations of relevance for errors of law."), conclude that the trial court correctly excluded the evidence, and therefore affirm.

The facts are undisputed. Defendant attended a public demonstration in Portland with a video camera and filmed speakers and demonstrators. He openly carried a semi-automatic handgun in a hip holster. The state presented evidence that defendant was known to several of the demonstrators, and they decided to confront him and tell him to leave the demonstration. Four demonstrators wearing bandanas over their faces approached defendant aggressively, calling him a racist and telling him in strong language to get away. As defendant backed away, the demonstrators continued to move toward him. One of the demonstrators noticed defendant's handgun and pushed defendant away. Defendant responded that he was not a racist and told the person, "Take your hands off me."

Defendant continued to move backwards, holding his camera in one hand and twice placing his other hand on the handgun, which was holstered at his hip, causing people in the crowd to cry out. A person carrying a large news camera stepped between defendant and the four bandanaed demonstrators, creating some distance between them as defendant continued to back away. In the conduct that gave

rise to the instant charges, defendant took the handgun from its holster, held it with two hands, and scanned the crowd with it from left to right. After placing the handgun back in its holster, defendant continued to engage with and speak to those in the crowd. Defendant ultimately walked away from the demonstration and was arrested. Based on his wielding of the handgun, defendant was charged with 10 counts of menacing and unlawful use of a weapon and one count of disorderly conduct.

Before trial, the prosecution anticipated that defendant would seek to introduce evidence—in support of a defense of self-defense—that he had been involved in an altercation the year before in which his arm had been broken after he had surreptitiously filmed a person at a restaurant. The person involved in that altercation had no connection to the demonstration or to the conduct charged in this case. The state asserted that evidence of the earlier event was irrelevant to the charged offenses and filed a motion *in limine* to exclude it. The trial court agreed and granted the state's motion.

On appeal, defendant asserts that the evidence of the prior incident was relevant to show that he acted in self-defense in brandishing the handgun. ORS 161.209 provides that a person is justified in using physical force against another person for self-defense

> "from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

Defendant contends that the evidence of the prior incident would show "what force defendant reasonably believed was necessary to defend himself in the moment," and would have helped the trier of fact understand why defendant feared for his safety and felt the need to protect himself by brandishing a handgun.

Defendant correctly notes that the threshold for relevance of evidence is low. *See* OEC 401 (relevant evidence is evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without

it"). Evidence is admissible if it "can support a reasonable inference that is material to the case." *State v. Turnidge (S059156)*, 359 Or 507, 512-13, 373 P3d 138 (2016). Here, we conclude that the disputed evidence does not meet that low threshold.

The legal standard for assessing the reasonableness of a person's belief about the need for force or the extent of force necessary turns on an *objective* evaluation of the circumstances in which physical force has been used or threatened, and not on the personal perceptions of the individual defendant. *State v. Bassett*, 234 Or App 259, 228 P3d 590, *rev den*, 348 Or 461 (2010) ("A defendant's subjective 'honest belief' that a perceived threat is great or imminent is not enough to justify" the use of self-defense.). *See also State v. Oneill*, 256 Or App 537, 545-46, 303 P3d 944, *rev den*, 354 Or 342 (2013) (in assessing a defendant's reasonable belief in a choice-of-evils defense, "reasonableness" is an objective standard that is measured from the perspective of "a person of ordinary intelligence and understanding" and does not take into account "the unique history or mental characteristics of any particular defendant"). That objective standard requires that we assess how a reasonable person would have assessed the circumstances in which defendant found himself at the time that he brandished the weapon. Defendant's evidence of his past experience was offered to show how he, personally, might have perceived the events and why he, personally, felt fearful, but it was not relevant to the defense of self-defense.

We recently addressed the issue of the standard for proof for self-defense in *State v. Hollingsworth*, 290 Or App 121, 415 P3d 83 (2018). There, believing that an intruder was in his apartment, the defendant fired a gun, and the bullet passed through the wall into a neighbor's apartment where a family slept. The defendant, who was charged with unlawful use of a weapon and reckless endangerment, asserted that he had acted in self-defense. Over the defendant's objection, the state introduced evidence of the defendant's past calls to 9-1-1 dispatchers and past interactions with police to refute the defendant's claim that he had acted in self-defense. On appeal, we concluded that the trial court had erred in admitting the evidence for that purpose,

because, although the evidence of the defendant's 9-1-1 calls and interactions with police might have explained what the defendant, personally, believed at the time that he fired the gun, it was not relevant or "probative one way or another of the circumstances that defendant confronted that night and, thus, did not bear on whether a reasonable person, in the same circumstances, would perceive the force used by defendant to be necessary." *Id.* at 129; *cf. State v. Jones*, 296 Or App 553, 576, 439 P3d 485, *rev den*, 365 Or 557 (2019) ("[T]he 'reasonableness' question when it comes to a self-defense claim is whether the circumstances as known to the defendant would lead a reasonable person *who experiences* those same circumstances to perceive the use of force to be necessary." (Emphasis in original.)).

Here, as in *Hollingsworth*, defendant's past experience was not probative of the claim of self-defense that defendant asserted. The person with whom defendant had been involved in the earlier altercation was not one of the demonstrators who aggressively approached defendant. *See State v. Scott*, 265 Or App 542, 335 P3d 1283 (2014) (evidence that the defendant had previously been assaulted by the complainant was relevant to the defendant's claim that he acted in self-defense). The prior confrontation had taken place outside of a restaurant after defendant had filmed a person surreptitiously, not at a public gathering where defendant filmed in the open. The only commonality between the two circumstances was that defendant had been filming. Although defendant's past experience might have caused him to fear for his safety, as in *Hollingsworth*, it did not make more or less probable "the existence of any fact that is of consequence to the determination" of the claim of self-defense—*viz.*, whether a reasonable person in defendant's circumstance at the time that he brandished the weapon would have believed that he was at risk of imminent use of unlawful physical force and whether brandishing the weapon was the degree of force reasonably necessary for defendant's self-defense. The trial court therefore did not err in excluding the evidence as irrelevant.

Affirmed.