284 January 2, 2025 No. 13

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MONTANA JAMES WOOD,
*Defendant-Appellant.*

Coos County Circuit Court
22CR45977; A180653

Andrew E. Combs, Judge.

Argued and submitted October 23, 2024.

Daniel C. Silberman, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from a judgment of conviction for one count of harassment, ORS 166.065. In his sole assignment of error, defendant contends that the trial court erred in excluding evidence of a specific prior act of the victim's conduct. For the following reasons, we affirm.

A full recitation of the facts would not benefit the bench, the bar, or the public. Defendant was charged by information with one count of harassment under ORS 166.065 following an incident at a zoo where defendant pushed the victim, his girlfriend's father, causing the victim to fall to the ground. At trial, to support his defense of self-defense, defendant sought to introduce evidence that, approximately 17 years prior to the charged incident, the victim and his then 13-year-old daughter had slapped each other. The trial court first concluded that the evidence was not relevant under OEC 401. It then further reasoned that any probative value was substantially outweighed by the risk of distraction to the jury and unfair prejudice to the extent that the jury might view the father as a child abuser in an incident in the distant past. For that reason, the court also held that the evidence was inadmissible under OEC 403. The jury ultimately found defendant guilty of harassment.

On appeal, defendant argues that the trial court erred in excluding the evidence under OEC 401 and OEC 403.[1] He contends that the trial court erred under OEC 403 because the probative value of the evidence was not substantially outweighed by the risk of distraction and unfair prejudice. He reasons that those risks were minimal. Moreover, he maintains that the evidence was central to his self-defense claim by supporting his reasonable belief in the necessity of using force to defend himself, and he had significant need for the evidence because "[n]o other evidence at trial explained why defendant would have reasonably feared imminent violence from [the victim]."

We "review the trial court's ultimate determination as to whether evidence is unfairly prejudicial under OEC 403

---

[1] Because we conclude that the trial court did not abuse its discretion in excluding the evidence, even if relevant, under OEC 403, we do not address defendant's alternative argument that the evidence was also admissible under OEC 401.

for abuse of discretion." *State v. Shaw*, 338 Or 586, 615, 113 P3d 898 (2005). "In evaluating a trial court's discretionary ruling under OEC 403, our role is to assess whether the court's decision falls within the range of legally permissible choices." *State v. Boauod*, 302 Or App 67, 73, 459 P3d 903 (2020).

When a defendant raises the defense of self-defense, specific instances of the victim's prior acts of violence may be admissible in certain circumstances pursuant to OEC 404(1) and OEC 405(2) as evidence of an essential element of the defendant's defense. *See, e.g.*, *State v. Lunow*, 131 Or App 429, 435-36, 885 P2d 731 (1994) (concluding that evidence of a specific incident of the victim's violent conduct against the defendant was admissible to prove the reasonableness of the defendant's belief that he needed to defend himself). However, under OEC 403, a trial court may nevertheless exclude that evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence." In determining whether evidence should be excluded under OEC 403, a trial court should engage in the following balancing test: (1) analyze the "probative value of the evidence and consider the weight or strength of the evidence," (2) "determine how prejudicial the evidence is," (3) balance the proponent's "need for the evidence against the countervailing prejudicial danger of unfair prejudice," and (4) make a ruling regarding admission or exclusion of the evidence. *State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987).

In making its determination regarding the admissibility of the evidence, the trial court applied the OEC 403 balancing test set forth in *Mayfield*. The trial court first determined that any probative value of the slapping incident was low given that it occurred about 17 years ago, was not personally witnessed by defendant, and involved different parties such that it would give defendant no reason to think that the victim hits adults or men. *See State v. Turnidge (S059155)*, 359 Or 364, 443, 374 P3d 853 (2016), *cert den*, 580 US 1070 (2017) (explaining that evidence is less probative if it is remote in time and lacks similarity to the charged crime); *State v. Terry*, 309 Or App 459, 466, 482 P3d 105 (2021)

(concluding that evidence involving "a child in diapers" had "little similarity to the charged conduct" which involved a teenager, and therefore was "not highly probative"). Next, the trial court found that the risk of unfair prejudice was substantial, as it risked portraying the victim as "a child abuser." On balance, the court concluded that the low probative value of defendant's evidence was substantially outweighed by the risk that the jury would base its decision on a negative view of the victim. *State v. Naudain*, 368 Or 140, 156, 487 P3d 32 (2021) (quoting *State v. Lyons*, 324 Or 256, 280, 924 P2d 802 (1996)) ("Evidence is unfairly prejudicial when it has an 'undue tendency to suggest a decision on an improper basis, commonly, although not always, an emotional one.'").

Based on our review of the record, we conclude that the trial court did not abuse its discretion by excluding the evidence under OEC 403. Because the slapping incident occurred so long ago and involved parties with vastly different characteristics, the trial court could reasonably conclude that it would, at best, negligibly bolster defendant's self-defense claim. Moreover, the particular circumstances of the slapping incident posed a substantial risk that the jury would make a decision on an improper, emotional basis. Therefore, although defendant claims to have significant need for the evidence to explain his self-defense defense, the trial court's determination to exclude the evidence was not an abuse of discretion. *See State v. Alvarado*, 312 Or App 177, 189-91, 492 P3d 712 (2021) (holding that, despite state's claim that it had "a great need" for certain video evidence, its "minimal probative value" was substantially outweighed by its potential prejudicial effect).

Moreover, any potential error was harmless. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (evidentiary error is harmless where there is "little likelihood that the particular error affected the verdict"). Exclusion of evidence of one isolated incident that occurred approximately 17 years prior where the victim and his child "slapped each other" had little likelihood of affecting the jury's decision whether defendant acted in self-defense in a pushing incident between defendant and an adult victim.

Affirmed.