44 April 23, 2025 No. 356

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

J. M. W.,
aka J. M. W. II,
*Defendant-Appellant.*

Coos County Circuit Court
23CR03875, 23CR05293; A181177 (Control), A181178

Andrew E. Combs, Judge.

Submitted February 12, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant. J. M. W. filed the supplemental brief and reply brief *pro se*. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Daniel C. Bennett, Deputy Public Defender, Oregon Public Defense Commission, filed the supplemental brief and reply brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals a judgment of conviction for second-degree assault, ORS 163.175.[1] In his counseled brief, defendant raises two assignments of error. In his first assignment of error, he contends that the trial court erred when it found that the state disproved the defense of self-defense beyond a reasonable doubt. He similarly makes a sufficiency-of-the-evidence argument in his *pro se* brief. We reject that argument. We further reject defendant's second assignment of error as unpreserved. For the reasons discussed below, we affirm.

The charges at issue arose out of a physical fight between defendant and K on the evening of December 6, 2022. Although the parties dispute some aspects of the encounter, it is undisputed that the two men were verbally hostile to one another at a grocery store immediately before the fight, and that K yelled a racial slur at defendant as they were leaving the area in their cars. Defendant and K stopped their cars in the road. During the subsequent encounter, defendant removed a youth-sized aluminum baseball bat from the trunk of his car and swung it at K, striking his arm.

In his *pro se* brief, defendant reiterates the history of the conflict between himself and K that he testified to at trial. These underlying facts were not disputed: the physical fight that night arose after a months-long course of racialized harassment of defendant by K which began a few days after defendant's mother passed away. The resulting dispute concerning ownership of the family's home involved K's unsuccessful attempts to evict defendant as well as K's participation in an incident in which the front door was kicked in and furniture was taken away. K threatened defendant, using racist slurs towards defendant and his girlfriend.

The trial court, acting as factfinder in a bench trial, considered all of the evidence and found defendant guilty, concluding that the state had disproved defendant's affirmative defense of self-defense. In defendant's closing argument,

---

[1] This is a consolidated criminal appeal. Defendant does not challenge the other count of conviction in Case No. 23CR05293, or the convictions in Case No. 23CR03875.

he sufficiently preserved a challenge to the sufficiency of the evidence to support that finding. *See State v. Gonzalez*, 188 Or App 430, 431, 71 P3d 573 (2003) (explaining that, when a case is tried to the court, challenging the legal sufficiency of the evidence in closing argument is equivalent to moving for a judgment of acquittal).

On review, "the question is whether evidence was sufficient for a rational factfinder to find that defendant did not act in lawful self-defense." *State v. Butterfield*, 332 Or App 526, 532, 549 P3d 545 (2024) (internal quotation marks and brackets omitted). We consider all the evidence, including evidence offered in defendant's case. *See State v. Bilsborrow*, 230 Or App 413, 418-19, 215 P3d 914 (2009). However, we must view the facts in the light most favorable to the state. *Butterfield*, 332 Or App at 532.

A claim of self-defense generally entails two issues.[2] *State v. Greinier*, 311 Or App 207, 214, 486 P3d 839 (2021). The first is "when a person may use physical force to defend themselves," *i.e.* when they reasonably believe that the other person will use unlawful force, and the second is "the degree of force that may be used," which must be reasonably necessary for the purpose of self-defense. *Id.* at 214-15.

As to the first issue, K's repeatedly expressed threats and persistent hostile conduct towards defendant is surely relevant to the determination that defendant had a reasonable belief that K would use or imminently use unlawful physical force. The record indicates that the trial court correctly admitted evidence of that history and carefully considered it in assessing defendant's claim of self-defense. *Cf. State v. Scott*, 265 Or App 542, 546-47, 335 P3d 1283 (2014) (evidence of the alleged victim's prior assaults was relevant to the defendant's reasonable belief that she needed to defend herself). However, that history is not dispositive of defendant's claim, because the court was also required to address the second issue, *i.e.*, defendant's use of force under the specific circumstances of the encounter.

---

[2] ORS 161.209 defines the defense of self-defense. As relevant here, it provides that "a person is justified in using physical force upon another person for self-defense *** from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

That second issue is dispositive in this case. The trial court did not err "because a rational trier of fact could find that the state disproved the second element of self-defense." *Butterfield*, 332 Or App at 532. The "degree of force" that a "person reasonably believes to be necessary," ORS 161.209, "turns on an objective evaluation of the circumstances in which physical force has been used" and how a reasonable person would have assessed defendant's circumstances at the time. *State v. Strickland*, 303 Or App 240, 244, 463 P3d 537, *rev den*, 366 Or 827 (2020), *cert den*, 141 S Ct 1517 (2021) (emphasis omitted). The circumstances specific to the December 6 encounter, then, bear on the reasonableness of the extent of force that defendant used. Surveillance video, which was admitted into evidence, showed that, at the time the parties exited their vehicles, K was not visibly armed, and the parties engaged very briefly in threatening physical conduct near defendant's car, but did not make contact with one another. That video also showed defendant stepping back from K and retrieving what was later determined to be a youth-sized aluminum bat from the trunk of his car. As the fight proceeded, K was moving away from defendant towards his car, which was parked about one car-length in front of defendant's car. The parties continued to verbally engage while defendant was holding the bat, but still did not make any physical contact. Defendant then swung the bat in K's direction, causing his injury. Both men then got into their cars and drove off. The entire encounter lasted about one and a half minutes.

In its ruling, the court acknowledged that K had harassed defendant in the past and that K was about four inches taller and 40-50 pounds heavier than defendant, but also that K was not carrying anything that could be used as a weapon, and that defendant could have avoided the entire encounter. We must affirm if the evidence was sufficient for a rational factfinder to find that the state met its burden to disprove either element of self-defense. *Butterfield*, 332 Or App at 532. Taking all reasonable inferences in favor of the state, we conclude that the trial court did not err in concluding that the degree of force used by defendant was not reasonable under the circumstances. *See State v. Gilmore*, 336 Or App 706, 715-16, 562 P3d 250 (2024) (affirming

convictions when, considering all the evidence in the light most favorable to the state, a reasonable factfinder could conclude that the defendant used a degree of force that was objectively unreasonable, notwithstanding the possibility of contrary inferences from the evidence). Therefore, we reject defendant's first assignment of error and his *pro se* assignment.

In his second assignment of error, defendant argues that the court applied an incorrect legal standard in considering defendant's self-defense claim because it treated defendant's act of using the bat as a weapon as wholly determinative of the claim. The state argues that that error is not preserved, and because defendant never objected to the trial court's statement at trial, we agree. Defendant has not requested that we review for plain error, and accordingly, we decline to do so. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) ("[W]e ordinarily will not proceed to the question of plain error unless [the defendant] has explicitly asked us to do so[.]").

Affirmed.