Argued September 25, affirmed October 2, 1970

## STATE OF OREGON, *Respondent, v.*
## DOUGLAS ARTIMUS HOWELL, *Appellant.*

474 P2d 778

*Kenneth W. Stodd,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and BRANCHFIELD, Judges.

BRANCHFIELD, J.

Upon trial by jury the defendant was found guilty of armed robbery. He contends that the trial court erred in admitting into evidence (1) testimony by a police officer concerning currency found in the defendant's pocket at the time of the defendant's arrest, and (2) testimony by a police officer that the defendant had admitted to being a narcotics addict.

A robber held up a drugstore at gunpoint at approximately 8:00 p.m. on February 14, 1969. The robber asked the clerk for money and narcotics. When the clerk told the robber that there were no narcotics in the store, the robber took $75 to $100 in currency and left.

■ Twenty minutes later, the defendant was arrested one mile from the site of the robbery. He was arrested in the get-away car with the confessed robber and another companion. The three defendants had $75 among them. Twenty-one one-dollar bills were found in the defendant's jacket pocket. The defendant contends that the police officer should not have been allowed to testify that he found this money at the time of the arrest.

■ When money is taken during the commission of a crime, evidence of currency found on a defendant "* * * is admissible as one circumstance, among others, that can lead to an inference of guilt." *State v. Sutton*, 249 Or 527, 528, 439 P2d 627 (1968).

■ The defendant's second assignment of error also lacks merit. The fact that the defendant was a narcotics user was relevant to show motivation for participation in a narcotics-seeking crime. *State v. Guerrero*, 243 Or 616, 415 P2d 28 (1966).

Affirmed.