Argued March 21, affirmed May 30, reconsideration denied July 26, petition for review denied October 24, 1978, 284 Or 80a

STATE OF OREGON, *Respondent,*

*v.*

RODERICK RAYMOND ADDICKS, *Appellant.*

(No. C 75-03-0829Cr, CA 9029)

579 P2d 289

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

This case is here for the second time. Previously, we remanded defendant's convictions of arson and theft because the trial court admitted certain photographs into evidence without inquiring into whether they had been disclosed to defendant, despite defendant's objection that pretrial discovery requirements had not been met, and because the trial court's judgment erroneously imposed a separate, additional sentence under the dangerous offender provisions of ORS 161.725. *State v. Addicks,* 28 Or App 663, 560 P2d 1095 (1977).

On remand, the trial court held an extensive hearing to determine whether the state had complied with the pretrial discovery statutes, ORS 135.805 to 135.815. It concluded that there had been substantial compliance, and it amended its judgment order to conform to its previous oral order which sentenced defendant to an enhanced penalty of 30 years imprisonment on the arson conviction.

Defendant's first assignment of error is that the trial court erred in finding that the state complied with pretrial discovery requirements. We summarize the trial court's detailed findings. Defendant elected to represent himself at his trial for arson and theft. The court appointed a lawyer to serve as his legal adviser and a private investigator to assist him in preparing his defense. The trial court found that all trial exhibits, including the photographs, were available to the lawyer and the investigator, but that neither person had asked to inspect them although the lawyer was aware of his right to do so. Defendant requested that all evidence be delivered to him at the jail, but the district attorney declined to do so on the ground that he had no such responsiblity. Defendant did not ask to be transported to the district attorney's office or the courthouse to examine the evidence, although such a request would have been granted. Nor did defendant ask to inspect the photographs on the morning of trial when they were brought to the court clerk's desk.

[ 559 ]

■■ These findings are supported by substantial evidence in the record and we are bound by them. *Ball v. Gladden,* 250 Or 485, 487, 443 P2d 621 (1968). Whether these facts show compliance with pretrial discovery statutes is a question of law. *Miotke v. Gladden,* 250 Or 466, 468, 443 P2d 617 (1968).

■ Discovery is controlled by statute. ORS 135.815 (4)(a) requires the district attorney to "disclose to the defendant the following material and information within his possession or control: * * *

"(4) Any books, papers, documents, photographs or tangible objects:

"(a) Which the district attorney intends to offer in evidence at the trial * * *."

For purposes of these statutes, to " 'disclose' means to afford the adverse party an opportunity to inspect or copy the material." ORS 135.805(2). Thus, the question is whether the district attorney afforded defendant an opportunity to inspect the photographs.

■■ The constitutional right to counsel embodies a practical recognition that most defendants lack certain skills and capabilities which are desirable for litigation and which are best furnished by attorneys. A defendant who represents himself and waives his right to counsel, elects to do so knowing that he foregoes the assistance which counsel would provide. Because it is his right, *Faretta v. California,* 422 US 806, 95 S Ct 2525, 45 L Ed 2d 562 (1975), he may not be penalized for having refused the benefit of representation by counsel, but, by the same token, neither is he entitled to special treatment or benefits not afforded to defendants with counsel.

■■ In effect, this defendant chose to be represented by counsel, *i.e.,* himself, who was involuntarily immobilized by reason of being in jail. An investigator was furnished in order to overcome that practical difficulty. Additionally, in an abundance of constitutional solicitude, a lawyer was appointed to advise defendant.

The statutory obligation "to afford the adverse party an opportunity to inspect or copy the material" does not require the prosecutor to deliver it to defense counsel at his office or to defendant at his home or jail cell. The obligation is fulfilled where, as here, the material was available to defendant or his representative at the prosecutor's office. *State v. Thompson,* 28 Or App 409, 559 P2d 1294 *rev den* (1977). The discoverable material was undiscovered, not because the prosecutor failed to afford the opportunity, but because the defendant, either personally or through his representatives who were appointed to assist him in overcoming his incapacities, failed to avail himself of the opportunity which the prosecutor had afforded to him.

For these reasons, the trial court correctly held that there was no violation of the discovery statutes. Therefore there is no need to review its additional holding that there was no prejudice.

■ Defendant's second assignment of error relates to the imposition of a new sentence, but we are unable to discern from the brief or the transcript what ruling the defendant asked for and was denied. Nor do we perceive any egregious error. Therefore we have nothing to review.

Affirmed.