Submitted on remand July 15, affirmed September 7, 1994

# STATE OF OREGON,
*Respondent,*

*v.*

# ANTONIO MENDOZA CERVANTES,
*Appellant.*

## (90CR2935; CA A68493)

881 P2d 151

Peter Gartlan, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Kaye E. Sunderland, Assistant Attorney General, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

This appeal is before us on remand from the Oregon Supreme Court. *State v. Cervantes*, 319 Or 121, 873 P2d 316 (1994). The victim and her friend, who were both 12 years old, met Valdovinos and defendant, both adult males, at a motel in Coos Bay. There, defendant had sexual intercourse with the victim. After a jury trial, defendant was convicted of rape in the second degree. ORS 163.365(1).

Defendant appealed. We reversed on the ground that the state failed to present sufficient evidence to establish venue. *State v. Cervantes*, 118 Or App 429, 434, 848 P2d 118 (1993). Because of that holding, we did not reach defendant's two other assignments of error.

The state petitioned for review, and the Supreme Court reversed. It held:

"Viewing the evidence and all reasonable inferences in a light most favorable to the state, we conclude that a rational trier of fact could have found beyond a reasonable doubt that the offense in this case was committed in Coos County." *State v. Cervantes, supra*, 319 Or at 127.

The court remanded the case for us to resolve defendant's two remaining assignments.

Defendant argues that the trial court erred when it denied his motion to introduce evidence of the victim's past sexual behavior. He contends that the court's ruling violated OEC 412. We disagree. OEC 412(2) prohibits the admission of evidence of a victim's sexual history, except when it is:

"(a)    Admitted in accordance with subsection (3)(a) and (b) of this section; and

"(b)    Is evidence that:

"(A)    Relates to the motive or bias of the alleged victim; or

"(B)    Is necessary to rebut or explain scientific or medical evidence offered by the state; or

"(C)    Is otherwise constitutionally required to be admitted."

OEC 412(3) provides for formal notice to the court prior to the introduction of a victim's alleged past sexual behavior and

150

for an *in camera* hearing to determine if conditions of fact have been fulfilled and if the evidence is relevant.

■■  At trial, the state introduced unrefuted medical evidence that semen, which was detected after the victim underwent a medical examination, can remain in the cervix for a maximum period of 14 hours. At an *in camera* hearing pursuant to OEC 412(3), defendant asserted that it was another man who had had intercourse with the victim. Defendant sought to support his claim by having the victim's friend testify that she had seen the victim "hanging all over"[1] a man other than defendant just before the time of the alleged rape and that the victim had admitted to having had sexual relations with that man. Defendant reasons that that evidence would have provided an alternative explanation for the presence of the semen. OEC 412(2)(b)(B).

The trial court determined that the evidence was relevant to explain the medical evidence only if it could be established that the victim had had sexual relations with the other man within 24 hours of the rape examination. At the *in camera* hearing, defense counsel stated that the victim's friend did not know if the victim had had sexual relations with the other man within 24 hours of the examination. The victim denied that she had had sexual relations with anyone other than defendant within 24 hours of the examination. Defendant offered no other evidence capable of rebutting or explaining the state's medical evidence.[2] Accordingly, the court properly ruled that the evidence defendant sought to introduce was irrelevant and, therefore, inadmissible.[3]

---

[1] In deciding the admissibility of evidence under OEC 412, the court must determine, as a threshold matter, whether the evidence concerns a victim's "past sexual behavior." *State v. Wright*, 97 Or App 401, 405, 776 P2d 1294, *rev den* 308 Or 593 (1989). It is by no means clear that "hanging all over" another person is "past sexual behavior" under OEC 412. *See State v. Wattenbarger*, 97 Or App 414, 417, 776 P2d 1292, *rev den* 308 Or 331 (1989).

[2] As the court noted, defendant's cross-examination of the victim on her past sexual behavior would have amounted to nothing more than "a fishing expedition." Defendant merely sought to establish that the victim was promiscuous. That is improper under OEC 412(1).

[3] Defendant also asserts that, pursuant to the state and federal Confrontation Clauses, he is entitled to offer the evidence to impeach the victim. The Confrontation Clauses, however, do not require the admission of irrelevant evidence. *State v. Weeks*, 99 Or App 287, 291, 782 P2d 430 (1989), *rev den* 309 Or 334 (1990); *see also Delaware v. Van Ardsoll*, 475 US 673, 679, 106 S Ct 1431, 89 L Ed 2d 674 (1988).

■ Defendant further argues that the court was wrong to deny him the opportunity to question the victim in open court about her sexual activities around the time of the alleged rape. He reasons that it is the role of the jury, rather than the court, to determine the credibility of a witness. Defendant concludes that, by limiting his examination of the victim to the *in camera* hearing, the court deprived him of his constitutional rights to a jury trial and to present a defense. In essence, defendant challenges the constitutionality of OEC 412(3)(b). He did not make a constitutional argument in the trial court, and we refuse to consider it here. Under OEC 412(3)(b),

> "the court, at the hearing *in camera* * * *, shall accept evidence on the issue of whether such condition of fact is fulfilled and shall determine such issue."

A court may determine facts out of the presence of the jury. OEC 104(2). That task may include determining whether a witness is credible. OEC 412(4)(a); *see also State v. LeClair*, 83 Or App 121, 125, 730 P2d 609 (1986), *rev den* 303 Or 74 (1987). There was no error.

In defendant's final assignment, he contends that the court erred in denying his motion to exclude evidence of the test results of bed sheets taken from the motel room. He argues that the state violated discovery rules when it failed to provide him with the test results until the first day of trial. According to defendant, the court was required to either exclude the evidence or grant him a continuance.

ORS 135.815 provides, in part:

> "The district attorney shall disclose to the defendant the following material and information within the possession or control of the district attorney:
>
> "* * * * *
>
> "(3) Any reports or statements of experts, made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments or comparisons, *which the district attorney intends to offer in evidence at the trial*." (Emphasis supplied.)

*See also* ORS 135.845(2).

■■  We review alleged discovery violations for errors of law. *State v. Addicks*, 34 Or App 557, 560, 579 P2d 289, *rev den* 284 Or 80 (1978). On the day before trial, defendant moved to introduce evidence of the victim's prior sexual conduct. Only then did an issue arise as to whether the semen was the result of intercourse with defendant or another man. It was the introduction of defendant's new theory that caused the state to offer the test results at trial.[4] Upon hearing defendant's motion, the district attorney immediately informed him that she was ordering tests and that the results would be introduced at trial. Defendant was apprised of the test results as soon as they became available. There was no discovery violation.

■  The court also did not err in denying defendant's motion for a continuance. We review for abuse of discretion. *State v. Burns*, 121 Or App 373, 375, 854 P2d 961 (1993); ORS 135.685. The court granted defendant's request to speak with the state's expert about the test results before the expert testified. Additionally, defendant has not explained how he was prejudiced as a result of the denial. Even on appeal, defendant does not suggest that he would have rebutted the conclusion of the state's expert that the bed sheets contained semen.

Affirmed.

---

[4] Until that time, the district attorney had not even ordered that tests be conducted.